the facts and data themselves, that must be protected from disclosure.[3]

PennDOT argues, however, that any disclosure, including a limited disclosure such as the one I would permit in the instant case, would have a chilling effect on PennDOT's ability to obtain candid and accurate information. This fear is simply unfounded. While I recognize the importance of allowing PennDOT to obtain such information without fear of liability, disclosing facts and data to Appellee for the sole purpose of defending his fundamental liberty interests would not in any way affect PennDOT's ability to obtain information.[4]

Accordingly, I would vacate the order of the Superior Court and remand this matter to the trial court for an *in camera* review of PennDOT's accident investigations and safety studies to determine the facts and data from these materials that must be disclosed to Appellee for the purpose of preparing and presenting his criminal defense.

Chief Justice CAPPY joins.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Respondents**

v.

**Timothy KRUTH, Petitioner.**

Supreme Court of Pennsylvania.

Jan. 22, 2004.

### *ORDER*

PER CURIAM.

**AND NOW,** this 22nd day of January, 2004, the Petition for Allowance of Appeal is hereby **GRANTED,** and the case is remanded to the Commonwealth Court for consideration of this Court's decision in *McKinley v. Commonwealth, Dept. of Transp., Bureau of Driver Licensing,* 2003 WL 22971264, 838 A.2d 700 (Pa.2003).

---

3. Such disclosure would not "convert [PennDOT] into [A]ppellee's personal, but publicly-funded investigator, and additional expert," as the majority states. Slip op. at 15. Rather, it would give Appellee's expert access to certain facts that Appellee would not be able to obtain otherwise, even with his own diligent investigation.

4. I find PennDOT's concern here a bit curious, given that it has already disclosed the construction and design records for the 1997 road improvements to Appellee. PennDOT fails to explain how allowing Appellee access to those records would not have the same chilling effect that it claims *any* disclosure of material within accident investigations and safety studies would cause.